EMBRY, Justice.
This is an appeal By Gladys McBride in her representative capacity from a summary judgment rendered against her in her action based on the death of her father because of the alleged negligence of Mrs. George Carleton. We reverse.
McBride filed her complaint seeking damages for the death of her father under Alabama’s wrongful death statute, Code 1975, § 6-5-410. The allegations of the complaint were that on 4 March 1980, while working on the premises of Carleton, a damaged tree limb fell from a tree, struck the decedent Love, and killed him. It further alleged the death of decedent resulted from the negligence of Carleton in allowing debris and damaged tree limbs to remain on her property after Hurricane Frederic in September of 1979.
Carleton’s motion for summary judgment was supported by an affidavit. She also orally deposed McBride and one Henry Louis Calhoun, who was working with decedent on the occasion of the latter’s death. Those depositions and a counter-affidavit were before the trial court when the motion was submitted.
The simple issue, of course, is whether there are genuine issues of material fact presented by the pleadings (complaint and answer), affidavits, and depositions. Rule 56(c), ARCP. Perusal of those demonstrates there are indeed genuine issues of material fact necessary to be resolved. The most significant issue of fact yet to be resolved is, what duty of care was owed Love, in view of the facts as presented. Was he an invitee, an employee, an independent contractor, or a licensee? From that arises the question whether Carleton owed the duty of maintaining a safe place for him to work and whether she breached that duty. Did her own acts, if any, on the occasion amount to negligence which proximately caused his death? On the other hand, was Love guilty of contributory negligence, and did he assume the risks of the injuries resulting in his death, both as alleged in the answer?
There was sufficient evidence before the trial to make entry of summary judgment inappropriate. Rule 56, ARCP; Folmar v. Montgomery Fair Company, 293 Ala. 686, 309 So.2d 818 (1975).
The judgment below is due to be, and is hereby, reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, FAULKNER, JONES, AL-MON, SHORES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., concurs specially.